IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00330-GCM

| | |
|---|---|
| DEMEATA O. WATSON ROBINSON, | |
| Plaintiffs, | |
| v. | **ORDER** |
| TALENTBRIDGE, INC., DRIVEN BRANDS SHARED SERVICES, LLC, | |
| Defendants. | |

**THIS MATTER** comes before the Court upon Defendant TalentBridge's Rule 12(b)(6) Motion to Dismiss. ECF No. 3. The plaintiff filed a response, and TalentBridge filed a reply. ECF No. 9 & 10. The motion is now ripe for consideration. For the reasons explained below, the Court GRANTS the motion to dismiss.

**I.  BACKGROUND**

In October 2019, Demetea Watson Robinson utilized the services of Defendant TalentBridge, an employment agency, to obtain employment with Defendant Driven Brands Shared Services ("Driven Brands").[1] Driven Brands hired Watson Robinson, a Black woman, as a payroll specialist. Once at Driven Brands, Robinson allegedly became the target of racial discrimination and harassment by a supervisor, Alexander Smith. According to Watson Robinson, Smith engaged in a pattern of discriminatory behavior towards Black employees. She reportedly greeted Black employees with the salutation "yo," called Black women "girls," and made

---

[1] TalentBridge's incorporated name is Employee Relations Associates, Inc. d/b/a TalentBridge. The Court adopts the usage of the parties in referring solely to the entity's trade name.

statements like, "these girls better not play with me," and "y'all need to stay in y'alls place, if I'm not talking to you then y'all don't need to talk to me."

While employed by Driven Brands, Watson Robinson was allegedly subject to a level of monitoring more oppressive than that borne by white employees. The supervisor, Smith, stared at Watson Robinson, regularly followed her to the bathroom, and complained about not being able to see what was on Watson Robinson's cellular phone. On one occasion, after following Watson Robinson to the bathroom, Smith peered under the stalls to see which stall Watson Robinson was in. Watson Robinson found this encounter sufficiently invasive to report it to her direct manager, Olga Brodnoski. Brodnoski replied, "Oh, the warden came looking for you." Watson Robinson responded: "I'm not on nobody's plantation or nobody's jail." Brodnoski apologized.

Watson Robinson reported this conduct to TalentBridge some time after this incident, although the exact timing and content of the report is unclear from the complaint. On February 4, 2020, Watson Robinson was terminated. Shortly after a year later, she commenced suit in Mecklenburg County Superior Court. Watson Robinson raised five claims: (1) unlawful discrimination under 42 U.S.C. § 1981; (2) hostile workplace under 42 U.S.C. § 1981; (3) unlawful retaliation under 42 U.S.C. § 1981; (4) negligent hiring and supervision; and (5) intentional infliction of emotional distress. TalentBridge removed the suit and filed the instant motion to dismiss.

II. DISCUSSION

To survive a motion to dismiss, a complaint must contain "sufficient factual matter . . . to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). A court ruling on a Rule 12(b)(6) motion to dismiss reviews the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations.

2

*Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). But the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

The complaint simply does not plausibly allege any claims against TalentBridge. As TalentBridge correctly observes, Watson Robinson does not connect TalentBridge to any of the allegedly wrongful conduct at issue in the case. All of the conduct complained of by Watson Robinson appears to be conduct by employees of Driven Brands. The complaint explicitly identifies Alexander Smith as an employee of Driven Brands. Although the complaint does not similarly identify Olga Brodnoski's employment status, the complaint makes clear that Brodnoski was a "direct manager" who worked in some capacity with Alexander Smith. *See* ECF No. 1-1 at ¶ 5 ("She has an issue with everyone.").

Given this description, and TalentBridge's affirmation that Brodnoski was not an employee at all times relevant to the litigation, the court refuses to infer that Brodnoski was an employee of TalentBridge. *See* ECF No. 4 at 7 n.5. Although the court normally draws all inferences in favor of the plaintiff on a Rule 12(b)(6) motion to dismiss, inferring that Brodnoski —against all information to the contrary—was an employee of TalentBridge would be an "unwarranted inference" and a "unreasonable conclusion," that the court is not bound to make. *See Giarratano*, 521 F.3d at 302.

Watson Robinson fails to explain why TalentBridge bears any liability for actions taken by employees of Driven Brands. Read in the light most favorable to Watson Robinson, there is no indication that TalentBridge discriminated against Watson Robinson, created a hostile workplace, retaliated against her by terminating her employment, or had any control over Driven Brands'

3

hiring and supervision of its employees. Nor is there any plausible claim that TalentBridge intentionally inflicted emotional distress on Watson Robinson.

Stripped of conclusory allegations, the complaint fails to "state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. Although "the plausibility standard is not akin to a probability requirement," "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (cleaned up). Because the well-pleaded facts in the complaint do not permit the Court to infer more than the mere possibility of misconduct by TalentBridge, the complaint has not shown that Watson Robinson is entitled to relief. *See id*. at 679; Fed. R. Civ. P. 8(a)(2).

### III.  ORDER

For the foregoing reasons, Defendant TalentBridge's Rule 12(b)(6) Motion to Dismiss is GRANTED.

**SO ORDERED.**

Signed: August 31, 2021

Graham C. Mullen
United States District Judge