IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00330-GCM

| | |
|---|---|
| DEMEATA O. WATSON ROBINSON, | |
| Plaintiff, | |
| v. | ORDER |
| DRIVEN BRANDS SHARED SERVICES, LLC, | |
| Defendant. | |

**THIS MATTER** comes before the Court on Defendant Driven Brands Shared Services' Motion for Judgment on the Pleadings (ECF No. 15). Plaintiff filed a response (ECF No. 17), and Defendant filed a reply (ECF No. 18). The matter is now ripe for disposition. For reasons explained in more detail below, the Court will grant the motion.

I. BACKGROUND

In October 2019, Demeata Watson Robinson utilized the services of an employment agency to obtain a work placement with Defendant Driven Brands Shared Services, LLC ("Driven Brands"). Watson Robinson, a Black woman, worked for Driven Brands as a payroll specialist.[1] She allegedly became the target of racial discrimination and harassment by a supervisor, Alexander Smith. According to Watson Robinson, Smith engaged in a pattern of discriminatory behavior towards Black employees. She reportedly greeted Black employees with the salutation "yo," called Black women "girls," and made statements like, "these girls better not play with me," and "y'all need to stay in y'alls place, if I'm not talking to you then y'all don't need to talk to me."

---

[1] Watson Robinson was employed by the employment agency, not Driven Brands. ECF No. 15-2, 15-3.

While working at Driven Brands, Watson Robinson was allegedly subject to a level of monitoring more oppressive than that borne by white employees. The supervisor, Smith, stared at Watson Robinson, regularly followed her to the bathroom, and complained about not being able to see what was on Watson Robinson's cellular phone. On one occasion, after following Watson Robinson to the bathroom, Smith peered under the stalls to see which stall Watson Robinson was in. Watson Robinson found this encounter sufficiently invasive to report it to her direct manager, Olga Brodnoski. Brodnoski replied, "Oh, the warden came looking for you." Watson Robinson responded: "I'm not on nobody's plantation or nobody's jail." Brodnoski apologized.

Watson Robinson reported this conduct to her employment agency at some point after this incident, although the exact content of the report is unclear from the complaint. In February 2019, Watson Robinson was terminated. On February 13, she filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). The EEOC issued a notice of the right to sue that same day, warning Watson Robinson that a putative Title VII lawsuit "must be filed within 90 days." ECF No. 15-4 at 7. Watson Robinson filed a pro se lawsuit against Driven Brands and Alexander Smith in this Court. *Id*. at 1–2; *see also Watson Robinson v. Driven Brands Shared Services*, Case No. 3:19-CV-375. She alleged discrimination and harassment based on race, color, and sex in violation of Title VII of the Civil Rights Act of 1964. On January 30, 2020, her lawsuit was dismissed for failure to state a claim after the Honorable Judge Cogburn found that it was time-barred under Title VII. *See Watson Robinson v. Driven Brands Shared Servs.*, 3:19-cv-375-MOC-DCK, 2020 U.S. Dist. LEXIS 15317, at *5 (W.D.N.C. Jan. 30, 2020).

Now represented by counsel, Watson Robinson commenced another lawsuit on May 27, 2021. This time, she sued the employment agency and Driven Brands in Mecklenburg County Superior Court, raising five claims: (1) unlawful discrimination under 42 U.S.C. § 1981; (2) hostile

workplace under 42 U.S.C. § 1981; (3) unlawful retaliation under 42 U.S.C. § 1981; (4) negligent hiring and supervision; and (5) intentional infliction of emotional distress. The defendants removed the suit. The employment agency filed a motion to dismiss, which this Court granted. ECF No. 11. Driven Brands then filed the present motion for judgment on the pleadings.

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review for a Rule 12(c) motion is the same as that under Rule 12(b)(6). *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). A court ruling on a Rule 12(b)(6) or Rule 12(c) motion reviews the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. *See id.; Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In addition to the pleadings, the court may also consider matters of public record and exhibits submitted by the parties, so long as they are integral to the complaint and properly authenticated. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

After accepting well-pleaded allegations as true and drawing reasonable factual inferences from those facts in the plaintiff's favor, a motion for judgment on the pleadings should be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Drager*, 741 F.3d at 474.

## III. DISCUSSION

Driven Brands argues that judgment on the pleadings is appropriate for two reasons. First, it claims that Watson Robinson's lawsuit is barred by the doctrine of *res judicata*. Second, it argues that to the extent that certain claims are not barred, those claims fail to state a cause of action.

3

Because the Court agrees that res judicata bars all of Watson Robinson's claims, it will only discuss the first argument.

Res judicata is the "fundamental precept" that a "right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies."[2] *Montana v. United States*, 440 U.S. 147, 153 (1979) (cleaned up). The doctrine "serves distinctively public and private values," including (1) the preservation of judicial resources; (2) the promotion of finality; and (3) the protection of litigants from "the burden of relitigating an identical issue with the same party." *See* 18A Charles Alan Wright et al., Fed. Prac. & Proc. § 4403 (3d ed. 2021) [hereinafter Fed. Prac. & Proc.]; *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

There are three requirements for res judicata to apply: (1) a final judgment on the merits in an earlier suit; (2) an identity of the cause of action in the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *See Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981).

To satisfy the first requirement of a "final judgment on the merits," it is not necessary that the earlier suit was resolved at trial. A dismissal with prejudice operates as a "final judgment on the merits." *See Harrison v. Edison Bros. Apparel Stores*, 924 F.2d 530, 534 (4th Cir. 1991); *In re Tomlin*, 105 F.3d 933, 936–37 (4th Cir. 1997). That is true even if the dismissal was due to a statute of limitations, or undue delay in initiating an administrative proceeding. *See Smalls v. United*

---

[2] Res judicata refers to two distinct concepts: claim preclusion and issue preclusion. *See Martin-Banguara v. Commonwealth Dep't of Mental Health*, 640 F. Supp. 2d 729, 735 (E.D. Va. 2009) (discussing both concepts). As invoked by Driven Brands and as discussed in this Order, "res judicata" relates solely to claim preclusion.

4

*States*, 471 F.3d 186, 192 (D.C. Cir. 2006); *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996); Fed. Prac. & Proc. § 4441.

The second requirement for res judicata "does not turn on whether the claims asserted are identical." *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004). Instead, an "identity of the cause of action" exists when "the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." *Id.*; *see also Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990). As a result, a plaintiff's second claim may be barred even if the prior action asserted a different legal theory. *See Pueschel*, 369 F.3d at 355; 18 James William Moore et al., Moore's Federal Practice – Civil § 131.21(3)(a) (3d ed. 2021). Finally, the third requirement—an identity of parties—is met when the same parties participate in both suits. *See Biltmore Co.*, 640 F.2d at 493.

Watson Robinson agrees that the third element is established, but claims that the first and second elements are not.[3] She argues that the dismissal of her earlier action was not on the merits (and therefore lacked preclusive effect) because it was not a dismissal with prejudice. She also argues that the second element of res judicata is not met because she sought relief under Title VII in the first action and 42 U.S.C. § 1981 in the second. *Id*. at 1–2. Neither of these points has merit.

Starting with adjudication on the merits, Watson Robinson argues that Judge Cogburn's dismissal of her Title VII case was without prejudice, and therefore without preclusive effect. *See Mann v. Haigh*, 120 F.3d 34, 36 (4th Cir. 1997) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). That order of dismissal did not explicitly state whether her claim was dismissed with prejudice. However, "[a] district court's dismissal under Rule 12(b)(6) is . . . with prejudice unless

---

[3] Watson Robinson states that "the first and third elements" of res judicata "are not in dispute." ECF No. 17 at 1. However, her argument that the first dismissal was without prejudice appears to contest the "final judgment on the merits" prong.

5

it specifically orders dismissal without prejudice." *Carter v. Norfolk Comm. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). The order of dismissal did not include any such qualification, and is therefore a "final judgment on the merits."

Next, Watson Robinson claims that res judicata does not apply because she asserted different legal theories in the first and second suits. That argument is foreclosed by the transactional nature of the "identity of issues" prong. When a plaintiff asserts a second cause of action arising out of the "same transaction or series of transaction or the same core of operative facts," it is irrelevant that the second cause of action asserts different legal claims. *See Pueschel*, 369 F.3d at 355.

The Third Circuit rejected the argument that Watson Robinson makes here in the exact same legal context. In *Elkadrawy v. Vanguard Group, Inc.*, a plaintiff's Title VII claims were dismissed for failure to sue within 90 days of the EEOC notice. 584 F.3d 169, 171 (3d Cir. 2009). The plaintiff filed a second lawsuit under 42 U.S.C. § 1981. *Id*. at 172. The Third Circuit found that res judicata barred the second suit because the facts underlying the § 1981 claim were also those relied upon in the Title VII claim. *Id*. at 173–74. Other courts have found the same. *See Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826–27 (8th Cir. 1989); *Robertson v. Cree, Inc.*, No. 5:10-CV-507-H, 2012 WL 699533, at *1 (E.D.N.C. Mar. 1, 2012); *cf. Nilsen v. Moss Point*, 701 F.2d 556, 563 (5th Cir. 1983) (reaching the same conclusion in a subsequent § 1983 suit).

The Court concludes that there is an "identity of the cause of action" between Watson Robinson's first lawsuit and the present suit. Both suits related to the same exact events: the alleged mistreatment and subsequent termination of Watson Robinson in the course of her employment at Driven Brands. As a result, all of Watson Robinson's claims in this lawsuit—including her state

law claims for negligent hiring, supervision, and retention, and intentional infliction of emotional distress—are precluded by res judicata.[4]

## IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant Driven Brands' Motion for Judgment on the Pleadings (ECF No. 15) is **GRANTED.** The Clerk is directed to terminate this action, which is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

Signed: November 29, 2021

Graham C. Mullen
United States District Judge

---

[4] In the alternative, the Court finds that if Watson Robinson's state law claims are not barred by res judicata, they are abandoned by her failure to defend them in her two-page opposition to the motion for judgment on the pleadings. *See Jones v. Family Health Ctrs., Inc.*, 323 F. Supp. 2d 681, 690 (D.S.C. 2003); *Mentch v. Eastern Sav. Bank*, *FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997).

7

Case 3:21-cv-00330-GCM   Document 19   Filed 11/29/21   Page 7 of 7